Shane P. Dyet, Bar No. 024627
Robert Byrne, Bar No. 009902
**O'CONNOR & DYET, P.C.**
7955 South Priest Drive
Tempe, Arizona 85284
(602) 241-7000
shane.dyet@occlaw.com
robert.byrne@occlaw.com
Attorneys for Defendants Simaran
Express, Inc. and Jarmanjeet Singh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erica Parker, | Case No. |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL** |
| Simaran Express, Inc.; Jarmanjeet Singh; Lilliana Tudela; John and Jane Does 1-10; ABCX Entities 1-10, corporations, or other entities, | |
| Defendants. | |

Defendants Simaran Express, Inc. and Jarmanjeet Singh ("Defendants") by filing this Notice of Removal and related papers, removes this lawsuit from the Superior Court of Arizona, Mohave County, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## Introduction

In this motor vehicle accident, Plaintiff Erica Parker sues Defendants for personal injury damages.

**I.      Basis for Removal**

In support of removal, Defendants state:

1.      Plaintiff commenced this action in the Superior Court of Arizona, Mohave County, on or about March 11, 2022, by filing a Summons and Complaint, captioned

*Erica Parker v. Simaran Express, Inc.; Jarmanjeet Singh; Lilliana Tudela; John and Jane Does 1-10; ABC Entities 1-10, corporations, or other legal entities*, S8015CV202200243 (the "State Court Action").

2. The lawsuit is a personal injury claim brought by Plaintiff Erica Parker alleging that Defendants were negligent in the operation of their motor vehicles, causing injury and damages to Plaintiff.

3. For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a), and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must join in or consent to removal. Undersigned counsel avers that all Defendants that have been joined and served consent to removal. See *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("[T]he filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient.").

4. Pursuant to Local Rule 3.6, the following documents are attached as **Exhibit 1**:

   a) Verification
   b) Court Docket
   c) Summons – Simaran Express, Inc.
   d) Summons – Jarmanjeet Singh
   e) Summons – Lilliana Tudela
   f) Plaintiff's Certificate of Compulsory Arbitration
   g) Plaintiff's Complaint
   h) Notice re: Dismissal
   i) Proof of Service
   j) Proof of Service
   k) Pro Per Answer for Defendant Simaran Express
   l) Waiver of Service

2

    m) Motion to Withdraw Pro Per Answer

    n) Defendant Tudela's Demand for Jury Trial

    o) Defendant Tudela's Certificate of Compulsory Arbitration

    p) Defendant Tudela's Answer

5. No further proceedings have been had in the Superior Court of Arizona, Mohave County, as of the date of the filing of this Notice of Removal.

6. On April 8, 2022, the owner of Defendant Simaran Express, Inc. submitted a Pro Per Answer to Plaintiff's Complaint. On May 11, 2022, undersigned defense counsel filed a Motion to Withdraw the Pro Per Answer on behalf of Defendant Simaran Express, Inc. However, in review of the Court docket in preparing this Notice of Removal, it appears the Pro Per Answer was received by the Mohave County Superior Court but does not appear on the docket. Defendant Tudela filed an Answer to Plaintiff's Complaint on May 19, 2022. No other Defendants have answered the Complaint. Upon agreement with Plaintiff, Defendants Simaran Express, Inc. and Jarmanjeet Singh will answer or otherwise respond to the Complaint in compliance with the deadlines set forth in Fed. R. Civ. P. 81(c).

6. As more fully explained below, this case is properly removed to this Court under 28 U.S.C. § 1441 because removal is timely, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332 and 1441, and Defendants have satisfied the procedural requirements for removal.

**II. The Removal is Timely**

7. Counsel for Defendant Jarmanjeet Singh accepted service of the Summons and Complaint on his behalf on May 6, 2022. Accordingly, this notice of removal is being filed within 30 days of service of a copy of the initial pleading setting forth the claims for relief upon which such action is based, and therefore, is timely under 28 U.S.C. § 1446(b).

/ / /

/ / /

/ / /

3

**III.   Venue and Jurisdiction Are Proper in This Court**

8. Pursuant to 28 U.S.C. § 117 and LR 3-2(a)(1), venue is proper in the United States District Court for the District of Arizona, as this is the District corresponding to and embracing the place where the state-court action was pending.

9. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. 1332 because (i) it is between "[c]itizens of different States;" and (ii) the "matter in controversy exceeds the sums or value of $75,000, exclusive of interests and costs."

**IV.   Complete Diversity Exists**

10. Plaintiff is a resident and citizen of the State of Arkansas. See Exhibit 1(g) at ¶ 1.

11. Defendant Simaran Express, Inc. is a corporation with its principal place of business in California. See Exhibit 1(g) at ¶ 3.

12. Defendant Jarmanjeet Singh is a resident of New York. See Exhibit 1(g) at ¶ 2.

13. Defendant Lilliana Tudela is a resident of Florida. See Exhibit 1(g) at ¶ 4.

14. Because Plaintiff is a citizen of Arkansas and Defendants are not, diversity of citizenship exists under 28 U.S.C. § 1332.

**V.   The Amount In Controversy Requirement is Satisfied**

15. The value of the Plaintiff's alleged damages exceeds $75,000.00 based on Plaintiff's demand.

16. Where removal of a civil action is sought on the basis of diversity jurisdiction:

> The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount in controversy if the initial pleading seeks … a monetary judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and removal of the action is proper on the basis of an amount

4

in controversy asserted … if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000.00].

(28 U.S.C. § 1146(c)(2)).

17. In this case, it is clear from Plaintiff's Complaint and Initial Disclosure that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This case involves claims for personal injury with negligence, negligence per se, agency/respondeat superior, and negligent entrustment. See Exhibit 1(g); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (when a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied). Here, Plaintiff has assigned this case to Tier 2. See Exhibit 1(g) at ¶ 13. Tier assignment is based on case characteristics and monetary relief requested, pursuant to Ariz. R. Civ. P. 26.2. Under a Tier 2 assignment, Plaintiff believes the case characteristics are intermediate complexity. See 26.2(b)(2). This is supported by the claims listed above that are alleged in Plaintiff's Complaint. Plaintiff is also claiming $50,000 to $300,000 in damages by assigning this to Tier 2. See 26.2(c)(3)(C). However, Defendants received recently Plaintiff's Initial Disclosure Statement indicating she will seek $1,250,000.00 in general damages. Accordingly, the amount in controversy exceeds the federal jurisdiction threshold of $75,000, per Plaintiff's own Complaint, Plaintiff's Initial Disclosure Statement and Ariz. R. Civ. P. 26.2.

18. For these reasons, this Court has original jurisdiction over this action and removal is proper.

**VI.    Filing of Removal Papers**

19. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being promptly served upon counsel for Plaintiff and Defendant Tudela, and a copy is being filed with the Superior Court of Arizona, Mohave County. A true and correct copy of "Defendants' Notice to State Court of Removal of Action Under 28 U.S.C. §§ 1332,

5

1441, and 1446 (Diversity of Citizenship)" filed in the Superior Court of Arizona, Mohave County, is attached hereto as **Exhibit 2**.

20. All procedural requirements for removal under §§ 28 U.S.C. 1441 and 1446 have been satisfied and this case is hereby removed pursuant to the Court's original jurisdiction under 28 U.S.C. § 1332.

21. Defendants reserve all defenses to Plaintiff's claims. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any right to assert any defense or affirmative matter, including but not limited to: (1) lack of jurisdiction; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join an indispensable party or parties; or (8) any other pertinent defense available.

22. Defendants demand a trial by jury.

DATED: June 1, 2022.

**O'CONNOR & DYET, P.C.**

By ⎯⎯/s/ Shane P. Dyet⎯⎯
    Shane P. Dyet
    Robert R. Byrne
    Attorneys for Defendants
    Simaran Express, Inc. and
    Jarmanjeet Singh

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2022, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, District of Arizona, using the CM/ECF System. A Notice of Electronic Filing will be served to the following registered participants:

R. Kevin O'Brien
Keist Thurston O'Brien, PC
10150 W. Desert River Blvd., Suite A-130
Glendale, AZ 85305
kevin@ktolawfirm.com
Attorney for Plaintiff

Justin Zachary
Denton & Zachary, PLLC
2100 Riverdale Road, Suite 200A
Little Rock, AR 72002
justin@dentonandzachary.com
Attorney for Plaintiff

Joann A. Hoskins, Esq.
Law Offices of Christine G. Moore
150 N. Stephanie Street, Ste. 150
Henderson, NV 89074
joann_hoskins@progressive.com
Attorney for Defendant Lilliana Tudela


By  /s/ D. Zborower